No. 2930.

DANIEL PHELAN et als. *v.* CHARLES AX.

25  379|
52 1173|

Where the plaintiffs claimed one-half of a certain lot of ground as heirs to their deceased mother, who had an undivided community of interest in said lot, now in possession of defendant;

Held—That plaintiffs had no cause of action, inasmuch as it was not shown that the community between the plaintiffs' father and mother had been settled, nor that anything remained after paying the debts thereof, nor that plaintiffs had been put in possession of their mother's estate.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. Breaux & Fenner,* for plaintiffs and appellants. *E. J. Wenck,* for defendant and appellee. *T. A. Bartlette, L. Castera* and *C. Hunt,* for warrantors.

HOWELL, J. The plaintiffs, children of William Phelan, claim as heirs of their mother the undivided half of a lot of ground in the possession of defendant, who holds under title by mesne conveyances from their father. The several vendors are called in warranty.

It appears that William Phelan first acquired the property in May 1852. In March 1858, he sold it for cash to one T. Lafon, with the right of redemption for one year. In April 1859, Lafon resold to Phelan for a small cash payment, and the balance in a note for $1500 at one year with eight per cent. interest, and secured by mortgage and vendor's privilege. In September 1859 Mrs. Phelan died, and in March 1861 her succession was opened by the surviving husband, the inventory showing no property except that now in controversy, which was appraised at $3500. In April following, William Phelan surrendered his property to his creditors, his schedule showing debts exceeding $5500 and assets consisting of this property valued at $3500 and a few hundred dollars of personal rights. The interest of his minor children in the said lot was suggested. T. Lafon was appointed syndic; but the property was not sold until May, 1865, when P. Halpin purchased it at sheriff's sale for $2440, and in December following he sold it to the defendant.

In March, 1861, William Phelan filed a petition in the Second District Court, setting out community debts to about $3000, alleging the necessity of selling said property to pay them, and praying for a family meeting to fix the terms of sale; and in February, 1862, upon the advice of a family meeting, he was authorized by the said court as tutor to sue for a partition of said property, and suit was instituted for the purpose against the syndic, but not prosecuted.

The defendant and the warrantors excepted that the petition shows no cause of action, in that it is not shown that the community between plaintiffs' father and mother has been settled, nor that any thing remained after paying the debts thereof, nor that plaintiffs have been put in possession of their mother's estate. Answers were filed, setting up

general and special defenses, and the exceptions were referred to the trial on the merits. After hearing evidence the court a qua maintained the exception that plaintiffs have no cause of action, because they have not shown that the community between their father and mother has been settled.

This, as a defense, seems to be sustained by the authority of Lawson v. Ripley, 17 La. 247, where it was held that the representatives of a deceased wife, although their distinct interest to the community attaches at the dissolution of the marriage, subject to their right to renounce and to be exonerated from the payment of the community debts, have nothing to claim out of the acquets and gains, until such debts are paid or liquidated. See also 1 R. 378; 7 R. 404; 2 An. 30.

We do not think the authorities relied on by the plaintiffs establish a different doctrine or maintain their right of action under the circumstances of this case.

Judgment affirmed.